Thank you very much for setting this special calendar today. I greatly appreciate it. You're very welcome. I represent Charles McBarango. He's a 61-year-old Nigerian who has lived in this country for over 25 years. He has a wife who is a U.S. citizen, children, foster children, and some of his siblings in this country. He was ordered removed to his native Nigeria due to a mail fraud conviction for which he has already served 15 months in prison. And we're here today because we request that the court remand this case to the BIA with instructions to entertain a motion to reopen because he has encountered ineffective assistance of counsel on multiple occasions throughout his proceedings and seeks an opportunity to argue the full merits of his case. Counsel, the cases that you cited in your brief, and this is a recurring problem given the backlog of immigration cases in our court, so it's no criticism of you, but it seems to me that the cases that you are principally relying on in the brief have since either been withdrawn or are unpublished. And can you help us explain why we should break with our binding precedent in Ontiveros-Lopez to consider your client's unexhausted IAC claim? On the exhaustion front, this is that there are several cases that I do believe still support his position. For instance, Hernandez-Mendoza-Alcarez v. INS, Castillo-Villagra and Granados v. Kaisler. I think you may be thinking of the Granados-Asaguirre case, which wasn't overruled, but once the record was amended it was decided on other grounds, but that wasn't the only case that we relied upon. How do we get around Ontiveros-Lopez? Let's take that head on. This is his first opportunity to present his ineffective assistance of counsel case. Now, he had first at the IJ proceedings, he had a lawyer who did not advise him of the need to present corroborating witnesses and then was bullied maybe a little strong, but he didn't voluntarily waive his right to counsel. He should have gotten other counsel and felt the need to proceed. Then the second counsel didn't raise those issues before the BIA and then also didn't file a brief on the merits or fill out the notice of appeal in full. I thought he filed a pro se brief with the BIA. No, he was represented by a Mr. Shapiro at the BIA level. On the notice of appeal form there was a warning that it needs to be filled out in full with all the grounds. For instance, the particular serious crime ruling would have been an important one to include given that there was an error in the statutory construction of that at the IJ level and also the corroborating witness issue, which my client was not aware of and his lawyer did not raise. And here we're not trying to avoid filing the proper motion before the BIA. We're happy to file a motion for the BIA, but my concern is that since we were appointed so late in the game that the BIA might not entertain given the passage of time. Has he complied with matter of Lozada? Lozada is not required for a case in this procedural posture before the Ninth Circuit. Lozada is a requirement of the BIA, not of the Ninth Circuit. But if you were to file a motion to reopen, Lozada would apply because by definition you'd be at the BIA. He would file with the BIA in compliance with Lozada, because that's what's required before the BIA. But the Ninth Circuit precedents Has he filed a bar complaint? Has he taken any steps to pursue the IAC claim? Well, the Ninth Circuit precedents don't indicate that in this situation That's not the question. It's a factual question about what has happened. No, I'm sorry. No, he has not. Why not? Because he was waiting to get sent back down to the BIA to file that claim. When there's clear and effective assistance of counsel on the record, the precedents indicate, for example, Hernandez-Mendoza. That needs to be filed. But I don't understand. I mean, it seems to me that all he's doing is delaying and delaying. He's not diligently pursuing the claim by failing to at least try to comply with Lozada. It would be a much stronger argument on a motion to reopen to the BIA if he could say, I've done all these things. I've tried to get my file. I've filed a complaint with the bar. I've given my prior lawyer an opportunity to address these issues, rather than waiting for us to say, no, it should go back, even though he hasn't done any of these things. Well, he filed his appeal on time here. He was waiting for this appeal. And then with those precedents I cited in terms of Hernandez-Mendoza, I mean, I think if the Court would clarify that issue in an opinion, that would be a great help to others. How long ago that notice to appear was issued and when? The notice to appear for? Your client. When were deportation proceedings commenced? It was in, I believe, 2005. Okay, so it's now seven years later? Part of this was because the I-130, which is another issue we're trying to address today with the I-130 petition, is he was married to a U.S. citizen prior to the deportation proceedings. He didn't get married during deportation proceedings. And he sought to adjust his status based on her U.S. citizenship. And the Citizens and Immigration Services Division for many years did not adjudicate that petition. It took over three years, almost three years, almost two years of which was an appeal where there was a dispute over the records that CIS needed. His wife had provided the records to show that it was documented that he was married to a U.S. citizen. He was waiting for that to go forward. But even with an approved I-130, doesn't he still have to meet the standards that the agency applies for granting relief? Yes, and he has sought, since it was beyond the time bar for filing a motion to reopen, since they granted it so long after, it was long after the 90 days, which they had ordered him removed. We sought with a counsel here if we could file, and through his other counsel in California, he also diligently sought to file a joint motion to reopen, given the time to deal with the timeline. I should have made my question more clear. The concern I have is that he has suffered a conviction for a $315,000 mail fraud, and it's going to be a hard argument to make with that serious a conviction, that even with an approved I-130, in the exercise of discretion, that he should be afforded relief. It will be a difficult argument, but he can make that argument, given the discretionary factors of his family being in this country and his children and foster children. And additionally, that isn't his only grounds for relief, even if he has that. But wasn't there also a problem with false names on his admission papers the last time he entered? There's a different name on some of the admission papers. So he's got that strike against him as well. At least there's some suggestion. I'm not obviously concluding it's true, but there's a suggestion that he has committed immigration fraud in addition to mail fraud. And the deferral of removal proceedings would be another ground for relief, which he has in which the particularly serious crime bar, for example, to withholding of removal pursuant to the Immigration and Naturalization Act and pursuant to the Convention Against Torture would not apply. But he never had the opportunity to present the corroborating witnesses, which allowed him to get around the credibility issues. Counsel, I have a slightly different question. One of the issues that's raised has to do with the denial of a continuance and the argument that this was erroneous. And my question is what effect the REAL ID Act has on our ability to review that kind of decision? Is that a discretionary decision that we may not review at all? Because our pre-REAL ID Act cases all said that this was reviewed for abuse of discretion, but I may be missing a post-REAL ID Act case. What do we do with that claim? There are the court has jurisdiction because there's a legal issue embedded in that claim. For example, well, first of all, with on the discretionary front, after Kakuna and Delgado, there's jurisdiction to review. Then in terms of the criminal bar, for example, on the continuance. Which case are you referring to? Malilia. Well, Malilia is one case, and Kalilu that reviewed a motion to continuance. Kalilu involved one before the BIA. Are those post-REAL ID Act rulings from the BIA that our review would be governed by? Malilia is a 2011 Ninth Circuit case, and it's Malilia v. Holder, 632 F3rd F98. And Kalilu is one that was raised in the briefs by both counsel. It was on re-hearing at the time of the briefing, which made clear that the BIA could entertain a motion to reopen or a motion to continue. And on that ground, it's the legal issue. Malilia recognized that if it's ignoring the discretion of just saying, these cases we will not consider because we don't know when the CIS is going to ever rule on the issue. Therefore, we can't wait, sort of not exercising the discretion and therefore not making a categorical denial like in Sihan. And therefore, we think it's important for the courts to put a check and balance on that to inspire CIS to process these applications faster so there wouldn't be a delay like there is in this case in waiting for that application. There were continuances granted in this case, were there not, while the I-130 was pending? The IJ, at the IJ level, the IJs were very good about following the type of system that I'm talking about now, and that was very helpful. And then it was initially denied. So therefore, they could not obviously and would not continue to continue it. But it's at the BIA level where once there was a ruling that it had been appealed and they were taking it under consideration but just had not yet fully ruled on that appeal of the initial decision, that is where the BIA would not wait. Okay. Thank you, counsel. We've asked a lot of questions, so when the time comes, you may have a minute for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. My name is Kylie Kane on behalf of the Attorney General. Your Honors, in hearing the arguments raised today and in reading the briefs, I came on to this post-briefing, as you may have recognized from the briefs. It's occurring to me that this is probably a case of recourse. So what could Mr. McFarlando be doing right now to get his case back before the board for the ineffective assistance of counsel claim, and how can he get his adjustment of status application adjudicated? And in the government's position, neither of those things take place. I think the question is, why is there no reason for Mr. McFarlando to file a petition for review, and why is there no reason for the court granting a remand in this case? Because in the case of ineffective assistance of counsel, as Your Honors were indicating through your questions, there's just simply no reason why Mr. McFarlando can't file a motion today, why he couldn't have filed one in the 5 years that this case has been pending before this Court. And there's nothing, even if this Court denies this petition for review and issues the mandate, there's nothing preventing him from going to the agency and asking for a motion to reopen for ineffective assistance of counsel. Well, are you suggesting that this is a case that would benefit from mediation, where you could figure out something that would work for this individual? I don't think mediation is necessary, because I think that the path to him getting these issues before the Board is clear. He needs to file a motion to reopen. He hasn't done it, and he hasn't explained why he hasn't done it. And would the BIA, if he filed it this afternoon, upon your suggestion, accept it as timely? He is going to need to show that he would meet the requirements for equitable tolling, given that it's not filed within 90 days of the order of removal. Well, then it's an empty – I mean, that's why I asked you the question. If it's a theoretical but empty gesture, there is no recourse. Well, it's not empty. I mean, the Board and this Court both recognize equitable tolling in ineffective assistance of counsel claims. So it's not empty. The Board may very well adjudicate it on the merits of whether Mr. Shapiro, who is the attorney who represented him before the Board, in fact was obligated to raise certain issues that he didn't raise. Well, if there are all those facts, why wouldn't mediation be appropriate if – to sit down and discuss that instead of making it a legal proceeding? I'm just not sure what the government could bring to the mediation. We would just be part of the case. He could get a lot of information. Well, but it wouldn't be for the Department of Justice to determine whether the Board would reopen. What needs to happen is the motion needs to get before the Board. Mr. McBronco needs to file something with the Board. Your argument is that he just hasn't been diligent and, therefore, he's not entitled to the relief that he's seeking. I'm – yes. I'm saying as far as the Court ordering a case back to the Board, there's no Board error here. In fact, there's nothing for the Court to grasp onto in terms of the ineffectiveness because it was never raised to the agency. So I'm just simply saying have Mr. McBronco raise it to the agency. And he's – yes, he's going to have to explain why he's waited all this time. And, Your Honors, you may be interested to know that he's filed two motions with the Board since this case has been pending in this Court with different counsel. And neither of those motions concerned ineffective assistance of counsel. So, yes, he's going to have to explain that to the agency, too, why he's pursuing other remedies before the agency but not pursuing this particular claim. What is the status of the I-130? Where is that? He was granted an I-130 post the Board's remand back to Citizenship and Immigration Services. That was granted in 2007, I believe. Just check here. No, I'm sorry. May of 2008 is when United States Citizenship and Immigration Services granted the I-130. Now, as I just mentioned, Mr. McBronco, through different counsel, filed a motion with the Board to ask for reopening so that he could pursue an adjustment of status application. But he did that two years after the I-130 was granted. So in 2010? Exactly. And then in 2009. So what's the status of that? So the Board denied that motion as untimely and declined to exercise its sua sponte authority to reopen because Mr. McBronco did not present exceptional circumstances for waiting so long to file. Mr. McBronco, through, again, a different attorney, filed a motion for reconsideration of the Board's decision, and the Board denied that. So he presumably has two ineffective assistance claims now, one for the original hearing and one for the lawyer who didn't file the I-130 in time. Well, I would not argue that we know that. We know those facts. We don't know what Mr. McBronco retained the other attorney to do or when he retained that attorney. If he retained that attorney in 2010 when the motion was filed, then there would absolutely not be a claim for ineffective assistance of counsel because that attorney was brought on. But there could. You're saying that you just don't we just don't know on this record. Yes. I mean, that's really the policy consideration that matter of Lozada brings forth, right, is what would this Court be looking at to know what the agreement was between Mr. McBronco and any of the attorneys that he's hired. And in particular, Mr. Shapiro, who represented him before the Board, we don't know whether Mr. McBronco in fact hired him to pursue his adjustment of status application as opposed to his asylum withholding and convention against torture claims that he had before the immigration judge. And without that piece of knowledge, we cannot tell whether there was ineffective assistance of counsel on this record, because we don't know what the agreement is between the attorney and Mr. McBronco. And so I think that's the problem here with having the court of appeals come in in the first instance is that speculation starts to ensue, because when you look at whether or not there's – it's clear on the face that this attorney did something wrong, I think we're assuming that Mr. McBronco hired him to do those things that he allegedly failed to do before the Board. I guess what's frustrating me is it's his burden to show, and he's presented us with nothing other than an argument that I think I need to go back so that we can make this argument to the Board. I think he's asking this Court to send it back, to force the Board to not look at the equitable tolling deadlines, because he hasn't been diligent. And if this Court does that, it's providing aliens an incentive to park their cases here and to have a court-ordered remand instead of having the alien approach the agency in the first instance, which he's obligated to do in an effective assistance of counsel. Sotomayor With respect to the argument concerning the continuance, do you agree with opposing counsel that at least insofar as a categorical refusal to entertain such motions, that presents a legal issue that we can review? What I agree with is that opposing counsel is raising the issue of whether the Board had a categorical denial here, which would be a legal question. I agree with that. What I don't agree with is that we have a categorical denial in this case. The Board looked at Mr. McBronco's specific factors. He enumerated that Mr. McBronco was in detention at the time that the request was filed. He enumerated the fact that there was no guarantee that I-130 would be granted. The preceding paragraph to that recounts the history of the I-130, that the I-130 was in fact denied by United States Citizenship and Immigration Services. Then upon appeal to the Board, the Petitioner, who is the U.S. citizen wife in those cases, in fact asked for a remand before the Board and introduced new evidence that USCIS had not seen at that time, and the Board said, in light of that evidence, I think the case should go back, the petition should go back to United States Citizenship and Immigration Services. So the Board recounts that. It then in the next sentence says, therefore, we're not holding this case in abeyance. You know, matter of HAJME, which is the Board's decision that articulates when a continuance before an immigration judge or the Board should be considered, enumerates some of the factors that the agency looks at. And one of those factors is the likelihood of success of the petition. And I think what we have here is the Board understanding that Citizenship and Immigration Services previously denied not only this petition for I-130, but also from his first United States citizen wife. And it's the same reasoning, because he can't show that he had dissolved marriages to his Nigerian wife, Ms. Lawson, to the first United States citizen wife, and now the second United States citizen wife. Kagan. But he has an I-130 now. Yes, he does. So presumably all those questions were resolved in his favor at some point. Yes. But the I-130 confers no benefit upon him. I understand that. So what is your position, post-real ID Act, with respect to the BIA's denial of a continuance? Can we review that? And if so, what are the limits on our review? I believe this argument was posed or phrased in this way and responded to brief, that post-real ID Act, the discretionary denial of a continuance, is not reviewable when you have an alien removable for being an aggravated felon. So the criminal alien bar at 1252A2C would bar discretionary or factual determinations of an alien, like a discretionary denial of an abeyance or a continuance, or however we want to phrase it. Now, to the extent that a legal question is raised, which I guess is what I was saying, that I agree a little bit that there's a categorical, that would have restored the Court's jurisdiction over that issue. But only to the extent. I know this isn't your case, but I would appreciate your answer to it anyway. If the alien is not a criminal alien, is not subject to the bar, for example, overstated student visa, perfectly lawful in every other way, what would be our ability to review the denial of a continuance? You would have review over it, yes. And the same abuse of discretion standard would apply? Yes. So it's the criminal alien bar that is kind of the overlay in your view in this case? Absolutely. He's not challenging, as I understand it, that he suffered the conviction? No. Or his removability on the basis of that conviction. If Your Honor has no further questions, I'll just submit the rest of the arguments as posed in the briefs. I think we don't. Okay. Thank you very much. Thank you. And Ms. Carroll, you may rebut if you'd like. Your Honor, just briefly in rebuttal. Judge Graber mentioned that the motion to reopen could be a theoretical but empty gesture, and that is our very concern here, is that through equitable tolling requirements, the passage of time, through the I-130 proceedings, through the pendency of the case before the Ninth Circuit, that he would not be able to present his claims before the BIA in compliance with Lozada and the further requirements there. As to his filing other motions to reopen, most recently had not mentioned that because it's not in the record before you. But to provide further details on that, he suffered a massive stroke after these proceedings were underway. He had memory lapses after I had represented him and was in rehabilitation and, therefore, delayed in filing his motion to reopen. Counsel, if it's not in the record, then we can't consider it on this. But the BIA was raised by counsel. I agree that I don't think it's before us. But that would bear potentially on the equitable tolling question. Correct, because he had filed before, but his lawyer did not include the required medical documents on why there should be equitable tolling. And I think they did not file on the ineffective assistance of counsel question because it was pending before this Court here, and they're awaiting the results of this proceeding. If that's true, then why were there two other petitions that were filed during the pendency of this appeal? Because we represent him for the appeal. We had asked that he find counsel locally since we were in Washington and did not have someone available with experience before the IJ and the BIA. But if he knew – I don't understand the litigation strategy here. If he was hiring other counsel, perhaps at your suggestion, to pursue these claims, why didn't they make these arguments at the time they filed the motions before the Board while this appeal was pending in our court? Well, this is another issue that needs to be addressed. I mean, I don't think the reason that there's been delays and continued problems is a strike against them, but rather a argument for him that he needs to present this case to the BIA, because I don't think it makes it unfortunate that he has so many instances of ineffective assistance of counsel. It makes this case that much stronger, not weaker. All right. Thank you, counsel. We appreciate the arguments from both counsel, and in particular we appreciate Pro Bono counsel taking the time and the effort to do this representation. It's of great assistance to the court that attorneys are willing to do that on behalf of the system, and we appreciate it. So the case just argued is submitted, and we will stand adjourned. All rise.
judges: Timlin, Graber, Tallman